■ In the Matter of FRANK M. DE CONTIE, Petitioner, v. JEFFERSON COUNTY COURT et al., Respondents.— Application unanimously denied and petition dismissed, without costs. Memorandum: This is a proceeding under CPLR article 78 instituted in the Appellate Division for an order dismissing the indictment against petitioner or directing resubmission of the charges to the Grand Jury with petitioner being offered an opportunity to appear and testify. Petitioner alleges that he was not accorded an opportunity to appear and testify before the Grand Jury in accordance with the provisions of CPL 190.50. He also contends that in light of CPL 210.30 (subd. 6) the order denying his motion to dismiss for legal insufficiency of the Grand Jury evidence is not reviewable on appeal from a judgment of conviction, and he has no adequate remedy by appeal. To determine the validity of his contentions it is necessary to review the facts. It is undisputed that on July 17, 1972 petitioner was arrested upon a charge of burglary first degree and arraigned before a Town Justice. The following day a Grand Jury returned a three-count indictment charging burglary first degree, assault third degree and sexual abuse first degree. On July 24 he was arraigned on the indictment and entered a plea of not guilty. He had never been notified of his right to appear before the Grand Jury. On July 28 petitioner moved to inspect the Grand Jury minutes and to dismiss the indictment upon an affidavit made by his attorney alleging that there was reasonable cause to believe that the evidence before the Grand Jury was not legally sufficient to support the charges. It is significant that there is nothing in this affidavit to indicate that the indictment should be dismissed also on the ground that petitioner had not been advised of his right to appear before the Grand Jury. On August 18, pending a decision on the motion to inspect and more than five days after arraignment, petitioner filed an additional affidavit, alleging as a supplemental reason why the indictment should be dismissed, that at no time prior to indictment had he been informed of his right to appear before the Grand Jury as required by CPL 190.50. The court examined the minutes and on August 22 made an order denying the motion to dismiss the burglary and assault charges on the ground that there was sufficient legal evidence before the Grand Jury with respect to these charges, dismissed the sexual abuse charge for insufficiency of evidence and denied the motion to dismiss under CPL 190.50 as untimely. The moving papers are inadequate to warrant inspection (CPL 210.30, subd. 2). However, we have examined the Grand Jury minutes and concur with County Court. CPL 190.50 provides that when

a defendant has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending Grand Jury proceeding the District Attorney must notify the defendant or his attorney of the Grand Jury proceeding and thus accord the defendant a reasonable time to exercise his right to appear as a witness thereon. It also provides that a motion to dismiss the indictment for failure to give such notice must be made not more than five days after defendant has been arraigned upon the indictment and if not so asserted in timely fashion it is waived and the indictment may not thereafter be challenged on such ground. We conclude that, since the application to dismiss the indictment under CPL 190.50 was made more than five days after the arraignment, the court properly denied the motion to dismiss. Furthermore, this intermediate order could have been adequately reviewed on appeal from a judgment of conviction. (See *People* v. *Chirieleison*, 3 N Y 2d 170.) CPL 210.30 (subd. 6) relied on by petitioner as a justification for instituting this extraordinary proceeding, has no application to the portion of the order dealing with CPL 190.50. That section, which makes review on appeal from a judgment of conviction based on legally sufficient trial evidence unavailable, is limited to a motion to dismiss the indictment for insufficiency of Grand Jury evidence. (Article 78 proceeding to dismiss indictment or resubmit charges to Grand Jury.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ. (Order entered Sept. 7, 1972.)