■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BOYLING, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Brown, J.), rendered July 30, 1980, upon a verdict convicting defendant of the crimes of burglary in the third degree and possession of burglar's tools. Acting on a tip from a confidential informant, police staked out the premises of the Schenectady Lumber Company on January 11, 1980. At approximately midnight, defendant and his codefendant were arrested inside a warehouse on the second floor of the premises. Prior to trial, defendant moved for, among other things, inspection of the Grand Jury minutes, dismissal of the indictment, discovery and inspection, suppression of certain evidence, severance of trial, and disclosure of the identity of the confidential informant. Only discovery and inspection were granted. Upon trial, defendant was convicted of the crimes of burglary in the third degree and possession of burglar's tools. This appeal ensued. The trial court correctly refused disclosure of the informant's identity. Only when an informant's role is a decisive factor in determining guilt *(People v Goggins,* 34 NY2d 163) must disclosure of identity be made.

Here, his role was limited to the furnishing of a tip of an impending burglary, and he neither witnessed nor participated in the alleged criminal activity; nor was the informant's statement admitted to establish the guilt or innocence of defendant, or probable cause for arrest (cf. *People v Darden,* 34 NY2d 177). Next, defendant contends that the trial court abused its discretion in denying his motion for severance pursuant to CPL 200.40 (subd 1). He argues that error in the joint trial occurred in admitting testimony from several police officers concerning an utterance by the codefendant during the commission of the crime, which the jury considered against this defendant. He urges that this evidence is hearsay and violative of the general rule that a statement by one defendant is not admissible against a codefendant unless the utterer testifies at trial *(Bruton v United States,* 391 US 123; *People v Salko,* 47 NY2d 230; *People v Payne,* 35 NY2d 22, 27). We disagree. There was no abuse of discretion in denying severance of the trial. Defendant correctly argues that the exception to hearsay statements attributed to a coconspirator *(People v Salko,* 47 NY2d 230, *supra)* is unavailable here in the absence of the charge of conspiracy. The People may not raise a conspiracy issue for the first time upon appeal to justify admission of the codefendant's statement *(People v Zavarro,* 26 NY2d 846; *People v Halpin,* 71 AD2d 659). However, we have an entirely different situation in this case. Here, both defendants were within the warehouse at midnight, concededly unlawfully, with no attempt to offer an explanation for such presence. The coconspirator exception is irrelevant and the issue is merely whether the utterance was relevant to prove intent *(Anderson v United States,* 417 US 211, 219). The codefendant said either *"Let's throw* the insulation out of the window", or *"We'll throw* the insulation out here", or *"We'll throw* the insulation out this window" (emphasis added). These statements were properly admissible because they were not offered to prove the truth of the contents thereof, rather only to prove that the words were said as evidence of the state of mind or intent of defendants *(People v Bell,* 63 AD2d 936, 938, revd on other grounds 48 NY2d 913; see Richardson, Evidence [10th ed], §§ 203, 205). Accordingly, intent to commit the crime of larceny, an essential element of the crime of burglary, was sufficiently proved, and the conviction is sustained. Defendant's remaining contentions are without merit. The evidence adduced at trial was sufficient to convict defendant, thereby precluding review of the denial of the motion to inspect the Grand Jury minutes (CPL 210.30, subd 6; *Matter of De Contie v Jefferson County Ct.,* 40 AD2d 619, 620). Judgment affirmed. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.