THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
STEVEN SISSELMAN, Appellant.

Third Department, June 15, 1989

### APPEARANCES OF COUNSEL

*Dershowitz & Eiger (Nathan Z. Dershowitz* of counsel), for appellant.

*Stephen F. Lungen, District Attorney (Bonnie M. Mitzner* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

Defendant was convicted of conspiracy in the fourth degree and solicitation in the fourth degree for paying Dennis Patterson $250 to break the limbs of Louis Marrero, who defendant suspected was dating his extramarital girlfriend, giving her drugs or both. Patterson, acting as a police agent, recorded two telephone conversations during which defendant solicited Patterson to perform the assault, which in fact was never accomplished. Thereafter, fitted with a concealed body tape recorder, a "wire", Patterson met with defendant who told Patterson that he wanted Marrero beaten with a baseball bat, paid Patterson $250, planned an alibi and made other incriminating statements. Several days later Patterson informed defendant that he had been wearing a wire.

At trial, defendant, through his own testimony and that of his longtime friend, Marty Biederman, asserted that he had renounced the assault scheme prior to finding out that Patterson was a police informant by directing him not to carry out the assault. County Court excluded, as inadmissible hearsay, testimony proffered by Biederman that defendant said he had told Patterson not to commit the crime. However, Patterson's alleged admission to Biederman that defendant had called off the assault was admitted as a prior inconsistent statement for the purpose of impeaching Patterson's credibility.

County Court gave the jury a renunciation charge suggested by the Committee on Criminal Jury Instructions of the State of New York *(see,* 1 CJI[NY] 40.10 [4a], at 959-960; [4b], at 964-965), which defined the two elements of the affirmative de-

fense as (1) voluntary and complete renunciation of the criminal enterprise, and (2) a substantial and successful effort to prevent the object crime. The jury was further instructed that for the effort to be deemed successful, the "effort must have been the sole and motivating inducement for Dennis Patterson to have abandoned any further effort and intention to commit such a crime". Convicted, defendant now appeals.

■ Defendant argues that the quoted charge language deprived him of the renunciation defense because he simply could not be the "sole and motivating" factor in preventing the object crime since Patterson, as a police agent, never intended to commit the assault. As County Court's charge was not challenged at trial, the alleged error has not been preserved for review *(see,* CPL 470.05 [2]; *People v Davis,* 147 AD2d 817, 818). But because the charge effectively negated defendant's renunciation defense *(cf., People v Craft,* 101 AD2d 984, 985) and the issue raised is novel, we deem it advisable to review the matter to determine if reversal in the interest of justice is warranted *(see,* CPL 470.15 [6]).

■ "Renunciation does not negate the commission of the inchoate crime" *(People v Johnston,* 87 AD2d 703, 704), but rather offers those guilty of such crimes an incentive to take steps to prevent the object or substantive crime, in exchange for which the defendant is excused from liability *(see, supra;* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 40.10, at 137). Unlike charges based upon accessorial conduct or criminal facilitation where only substantial efforts to prevent the object crime are required to invoke the renunciation defense (Penal Law § 40.10 [1], [2]; *People v Ozarowski,* 38 NY2d 481, 492),* charges of conspiracy and solicitation give way to the renunciation defense only where "the defendant prevented the commission of such crime" (Penal Law § 40.10 [4]). The statute does not go so far as to say that defendant's efforts must be the "sole" reason that the object crime was not committed; indeed, such a reading would thwart the purpose of the provision where, for

---

* It should be noted that although the Court of Appeals in *People v Ozarowski* (38 NY2d 481, 492) spoke in terms of codefendant Philip Benenati's involvement in a conspiracy, the renunciation defense was not being discussed with respect to the conspiracy charge, since the object crime had been committed, making renunciation unavailable as a defense to conspiracy (Penal Law § 40.10 [4]), but rather in the context of Benenati's attempt to escape accessorial liability *(see, People v Ozarowski, supra,* at 492, citing Penal Law § 40.10 [1]).

instance, two coconspirators acted in concert to prevent the consummation of the object crime, and to that extent the pattern instruction is an overstatement of the law.

The real problem here is that defendant was in no position to prevent the object crime since Patterson never intended to carry out the solicited assault. Despite this inability on defendant's part to literally comply with the statute, it would be unfair to deny him the renunciation defense merely because his coconspirator lacked criminal intent, for, in addition to encouraging prevention of the substantive crime, the renunciation defense is predicated upon the premise that complete and voluntary "renunciation manifests a lack of the firmness of purpose that evidences individual dangerousness" (ALI Model Penal Code and Commentaries § 5.03 [6], Comment 6, at 457-458; see also, ALI Model Penal Code and Commentaries § 5.01 [4], Comment 8, at 359; § 5.02 [3], Comment 3 [d], at 382). Consequently, although defendant was incapable of preventing the object crime, he should be given the opportunity to rebut the prima facie indication of firmness of purpose which follows from the People's proof of solicitation and the overt act in furtherance of the conspiracy (see, ALI Model Penal Code and Commentaries § 5.01 [4], Comment 8, at 359). County Court should have charged that defendant's efforts to prevent the object crime would be deemed successful if they would have prevented the crime in the event that Patterson had intended to carry out the object crime. Having been denied this defense by County Court's instruction, a new trial is required.

Defendant's remaining contentions, several of which were unpreserved for review, do not merit discussion.

MAHONEY, P. J., CASEY, LEVINE and MERCURE, JJ., concur.

Judgment reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Sullivan County for a new trial.