■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED C. BLANCHE, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered July 8, 1988, upon a verdict convicting defendant of the crimes of rape in the first degree (two counts), sexual abuse in the first degree (three counts) and endangering the welfare of a child.

In July 1987, the 10-year-old victim, a Brooklyn resident participating in the Fresh Air Fund program, stayed in the Washington County home of defendant, a participant sponsor in the program. The events underlying the present charges stem from the evenings of July 21 and 22, 1987. On the first evening, the victim testified that defendant massaged her buttocks while the two watched television in his bedroom. The next night, defendant allegedly raped her in the guest bedroom. Shortly after this latter incident, the victim telephoned her mother in Brooklyn and recounted the attack. At the mother's insistence, defendant contacted the regional director of the program, who took the child to a nearby hospital. A physical examination of the child ultimately disclosed the presence of vaginal sperm. For his part, defendant denied the allegations. A jury found defendant guilty as charged (rape in the first degree [two counts], sexual abuse in the first degree [three counts] and endangering the welfare of a child) and he was sentenced to, *inter alia,* concurrent 8⅓-to-25-year prison sentences on the rape convictions. This appeal ensued.

Defendant first maintains that County Court committed reversible error in responding to a jury request for a rereading of certain of his testimony. Initially, we observe that since the court's response was not challenged at trial, the issue has not been properly preserved for our review *(see,* CPL 470.05 [2]; *People v Sisselman,* 147 AD2d 261). In any event, the contention is not persuasive. During deliberations, the jury requested a rereading of both the victim's and defendant's testimony concerning the July 21, 1987 bedroom incident. The victim's testimony was directly reread, but County Court informed the jury that defendant did not give any testimony regarding this particular incident, but only testified concerning the July 22, 1987 incident in the guest bedroom. Defendant argues that the response was inaccurate and misleading because he specifically testified that he merely massaged the victim's shoulders on the living room couch during the evening of July 21, 1987, and further denied ever touching the victim for sexual gratification. Unquestionably, a trial court must respond meaningfully to a jury's request for further

information (CPL 310.30; *People v Malloy*, 55 NY2d 296, 302, *cert denied* 459 US 847). Here, it is evident that County Court construed the jury's request literally, and accurately responded that defendant did not testify as to a July 21, 1987 *bedroom* incident. Although the better response might have been to recount defendant's version of the evening's events, we perceive no undue prejudice for the court further instructed that the jury could request a reading of "any other testimony". There is no indication that the jury was confused by this response. In short, we find that County Court provided a meaningful response.

Defendant maintains that he was denied the effective assistance of counsel because counsel failed to pursue an effective defense countering the confirmed presence of sperm and to take appropriate action during critical aspects of the trial. The contention is not persuasive. "Generally, the concept of meaningful representation is gauged in terms of the existing evidence, the relevant law and the prevailing circumstances of the case at hand" *(People v Barret,* 145 AD2d 842, 843; *see, People v Baldi,* 54 NY2d 137, 146-147). Defendant's thesis is that some other male and particularly a 12-year-old farm assistant engaged the victim in sexual activity and that counsel overlooked this defense. Notably, the farm assistant denied any such activity. Moreover, during cross-examination of the various prosecution experts, counsel expounded on the fact that a hair sample taken from the child's underwear was dissimilar to a pubic hair sample taken from defendant, questioned the serologist as to how semen could be detected on the child's underwear but not her pajamas, elicited a concession that sperm can be detected for up to 72 hours through a vaginal swab, and confirmed that no lotion was discovered during the victim's physical examination in contradiction of her testimony that defendant used a lubricant. Implicit in the foregoing is that the sperm emanated from another source. Additionally, counsel repeatedly challenged the victim's credibility and focused on defendant's exemplary reputation in the community. The summation was short, but counsel highlighted various inconsistencies in the prosecution's case and emphasized that no medical evidence was presented to implicate defendant. We recognize that certain errors were made but, considering the entire record, are convinced that meaningful representation was provided.

Defendant's remaining contentions are unavailing. The cross-examination of defendant relative to a previously dismissed civil lawsuit was not unduly prejudicial. Nor did

County Court err in permitting the victim's mother to repeat the substance of her July 22, 1987 telephone conversation with the victim and defendant *(see, People v Gomez,* 112 AD2d 445, 446, *lv denied* 66 NY2d 919; *People v Boyling,* 84 AD2d 892, 893). Finally, we perceive no error in the court's refusal to direct a psychiatric evaluation of the victim for purposes of assessing her credibility. Although defendant suggests otherwise, County Court did not reject this request outright, but specifically observed that there was no indication that the victim was mentally unstable. The question of whether this entire incident was fabricated was properly left for the jury to resolve.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.