■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH K. POETTE, Appellant. [645 NYS2d 647] —Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered April 13, 1994, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant and Daniel Rondeau were indicted for two counts of murder in the second degree as the result of a February 15, 1993 incident in the City of Troy, Rensselaer County. On that evening, defendant, Rondeau, the 15-year-old victim and others were socializing at Rondeau's apartment. At one point, Rondeau called defendant into his bedroom. When he entered the room, defendant found Rondeau on top of the victim, trying to kill her by holding his hands over her nose and mouth. Rondeau yelled at defendant to pull on a tie that was around the victim's neck. Defendant made a knot in the tie and pulled it tighter and tighter. Because the victim was taking so long to die, Rondeau punched her very hard on the side of the head. After the victim appeared dead, defendant and Rondeau dragged her body into the bathroom, where the two put on surgical gloves and dismembered the body. They put the body parts in garbage bags, which they thereafter placed in the trunk of a car and transported to a site in the Town of Berlin, Rensselaer County. Convicted after trial of murder in the second degree and sentenced to a prison term of 25 years to life, defendant now appeals.

We affirm. Initially, we are not persuaded that County Court erred in refusing to suppress evidence of inculpatory oral statements defendant made to the police following his arrest on

February 18, 1993. Even though defendant's arrest pursuant to a warrant precluded police questioning (*see, People v Rivers,* 56 NY2d 476, 479), his voluntary statements were admissible if they were in fact spontaneous " 'and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed' " (*supra,* at 479, quoting *People v Maerling,* 46 NY2d 289, 302-303). The police simply have no obligation to silence a talkative defendant (*People v Krom,* 61 NY2d 187, 199).

Here, the evidence presented by the People at the *Huntley* hearing, which County Court expressly credited in the exercise of its broad fact-finding authority (*see, People v Lesiuk,* 81 NY2d 485, 490), amply supported County Court's determination that the statements defendant made during the ride to the police station were spontaneous and volunteered. The People's witnesses testified that, after Police Investigators James Horton, Dennis Moessner and Douglas Wingate arrested defendant pursuant to a warrant, administered the *Miranda* warnings and placed defendant in their police car, defendant asked if anyone else had been arrested. Horton responded, "Yes, Dan and Mary." After a brief period of silence, and with no provocation or prompting on the part of the investigators, defendant began rambling about the events of February 15, 1993, providing details concerning the manner in which the victim was killed and her body dismembered and removed.

We also reject the contention that defendant was deprived of a fair trial by County Court's admission of four photographs depicting·the victim's body parts, including her torso and severed head. Fundamentally, "photographs are admissible if they tend 'to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered.' They should be excluded 'only if [their] *sole purpose* is to arouse the emotions of the jury and to prejudice the defendant' " (*People v Wood,* 79 NY2d 958, 960 [emphasis added], quoting *People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905). We agree with the People that each of the photographs at issue was probative as to the cause of the victim's death or tended to corroborate the disputed testimony of prosecution witnesses. Under the circumstances, County Court acted well within its discretion in receiving the evidence (*see, People v Stevens,* 76 NY2d 833, 835).

Also unavailing is the argument that defendant was deprived of reasonable notice or an opportunity to be heard in response to County Court's supplemental charge to the jury. During the

jury's deliberation, it sent a note to County Court asking for a further clarification of element number three, relative to the issue of whether defendant's act caused the victim's death, and specifically whether it was "a necessary element of the charge of intentional murder that the defendant himself strangled the victim until she died". With the full agreement of defendant's counsel, County Court indicated its intent to reread element three of its charge. Then, after a brief recess for research on the issue, County Court stated its further intent, in furtherance of its obligation to respond meaningfully to the jury's request, to charge it on accessorial conduct in accordance with Penal Law § 20.00. Defendant's counsel objected, arguing that the People had waived their right to a charge on accessorial conduct by not requesting it as part of County Court's original charge.

At that point, because of some uncertainty as to the precise nature of the jury's confusion, a decision was made to request that the jury be more specific with its question. The jury then came back with the further query, "What happens if Rondeau is strangling the victim and [defendant] is strangling the victim and we are uncertain who is strangling her when she dies; can the defendant be found guilty under the third point of the charge?" At that time, with the question so clearly focused on the issue of accessorial conduct, County Court indicated its intention to charge Penal Law § 20.00 in response to the jury's question. Defendant's counsel then stated, "Without anything further, I take the same position as before."

The inescapable conclusion to be drawn from the foregoing is that County Court scrupulously fulfilled its obligations to give defendant reasonable notice and a meaningful opportunity to be heard with regard to the supplemental charge and also to make a meaningful response to the jury's inquiry (*see*, CPL 310.30; *People v Cook*, 85 NY2d 928, 931; *People v O'Rama*, 78 NY2d 270, 277-278; *People v Malloy*, 55 NY2d 296, 302, *cert denied* 459 US 847; *People v Blanche*, 152 AD2d 770, *lv denied* 74 NY2d 894).

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.