■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN ALBURGER, Appellant. [669 NYS2d 709] —White, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered January 22, 1996, upon a verdict convicting defendant of the crime of murder in the second degree.

On September 14, 1994, defendant, an inspector for the Department of Transportation, brutally murdered Amy Magee (hereinafter the victim) by striking her numerous times with a six-pound bit from a jackhammer and strangling her with a wire cord. The autopsy report concluded that the victim died from a combination of blows and asphyxiation.

Earlier on the day in question the victim called defendant to discuss support for her five-week-old daughter, who was apparently fathered by defendant. As a result of this conversation she went to defendant's work site, a field office near the corner of Northern Boulevard and Albany-Shaker Road in the City of Albany, where she arrived at approximately 6:00 P.M. Shortly before this meeting defendant was observed by a co-worker near the field office trailer where equipment was stored with a chisel bit in his hand. Defendant met the victim and, after a brief discussion, drove her a short distance to a secluded spot where the fatal assault occurred. Defendant then wrapped the victim's body in burlap strips used to harden concrete and dragged it several hundred feet to a nearby wooded area. As a result of a police investigation, defendant confessed to the killing the following morning.

At his trial, defendant raised the defense of extreme emotional disturbance; however, this affirmative defense was rejected by the jury and defendant was found guilty of murder in the second degree. The main contention raised by defendant on this appeal is that County Court improperly admitted into evidence 11 photographs of the deceased victim. It is clear that unless photographs lack probative value and are presented solely for the purpose of inflaming a jury, they are admissible in a criminal trial, particularly where they tend to support a material issue or corroborate other evidence in the case (*see,*

*People v Wood*, 79 NY2d 958, 960; *People v Stevens*, 76 NY2d 833, 835). In *People v Wood* (*supra*), where the defendant pleaded the affirmative defense of extreme emotional disturbance, the Court of Appeals held that 44 photographs of the victim and the crime scene were properly admitted, since the manner of the killing was material and relevant and the photographs illustrated the severity and nature of the wounds and tended to disprove the defendant's claim of extreme emotional disturbance.

In this case the photographs in question showed wounds to the victim's head and body and marks of strangulation which were used by the prosecution to demonstrate that these injuries were caused by a heavy, blunt-edged weapon and to identify marks of strangulation to corroborate the pathologist's findings that the victim died as a result of multiple blows to the head and asphyxiation. Thus, we find that these photographs were probative and properly admitted into evidence since they were introduced not to arouse the emotions of the jury but to establish the cause of death and to refute defendant's claim of extreme emotional disturbance (*see, People v Pobliner*, 32 NY2d 356, 369-370, *cert denied* 416 US 905; *People v Poette*, 229 AD2d 796, 797, *lv denied* 88 NY2d 1071).

The other point raised by defendant on this appeal is that the sentence of 25 years to life imposed by County Court was harsh and excessive. Here, the brutal murder of a 24-year-old mother of an infant by striking her numerous times with a jackhammer drill bit, strangling her with a metal cord and dragging her body into the woods while there was a possibility that she was still alive provides sufficient basis for the sentence imposed. Generally, sentencing is left to the sound discretion of the trial court and in the absence of extraordinary circumstances it should not be disturbed. In view of the egregious nature of the crime, we find no abuse of discretion by County Court in this case (*see, People v Deyo*, 222 AD2d 757; *People v Vann*, 216 AD2d 599, 602, *lv denied* 86 NY2d 875; *People v Mackey*, 136 AD2d 780, 781, *lv denied* 71 NY2d 899; *People v Du Bray*, 76 AD2d 976, 977).

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.