■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX BAYBURY, Also Known as ABDUL BABURY, Also Known as JEHAN MAYBERRY, Appellant. [815 NYS2d 356]—

Spain, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered July 1, 2004, upon a verdict convicting defendant of the crimes of attempted robbery in the second degree (two counts), resisting arrest and criminal possession of a weapon in the fourth degree.

Defendant's conviction arose from events which occurred on August 10, 2003 in the City of Schenectady, Schenectady County. Evidence adduced at defendant's jury trial established that, on that night, defendant entered a convenience store with a

handgun and, after threatening and striking the cashier who fled out the door, began to open the cash register. At that point, defendant saw police officers approaching the store and fled. When pursued, defendant continued to flee and, when he pointed his gun at the police officers, he was shot in the foot and eventually taken into custody. Defendant was indicted for the crimes of first and second degree robbery, criminal use of a firearm in the first degree, criminal possession of a weapon in the fourth degree and resisting arrest. At trial, after the People rested and in response to a motion to dismiss, County Court reduced the first degree robbery count to second degree robbery, reduced the charge of criminal use of a firearm in the first degree to criminal use of a firearm in the second degree and, finally, charged attempt for both robbery counts. Defendant was convicted of both counts of attempted robbery in the second degree, criminal possession of a weapon in the fourth degree and resisting arrest. County Court sentenced defendant to an aggregate prison term of seven years, with five years of postrelease supervision. Defendant now appeals, and we affirm.

Defendant makes two arguments on appeal. First, he contends that County Court should have suppressed a letter that he wrote while incarcerated awaiting trial to the internal affairs division of the Schenectady Police Department because the letter was authored and received after defendant's right to counsel had attached. In the letter, defendant admits to his attempt at robbing the convenience store, but contends that he did not point his weapon at police and thus was shot without provocation. Although defendant's right to counsel had attached when he sent the letter (*see People v Grice,* 100 NY2d 318, 321 [2003]), because the admissions therein were made voluntarily and not the product of any police interrogation, it was entirely proper for County Court to admit the letter at defendant's trial (*see People v Rivers,* 56 NY2d 476, 479 [1982]; *People v Roberts,* 12 AD3d 835, 836 [2004], *lv denied* 4 NY3d 802 [2005]).

Next, defendant challenges his sentence, arguing that he was penalized because the People "over indicted" him, greatly limiting his ability to plea bargain. Inasmuch as defendant concedes that the indictment was legal, the sentence imposed was within the statutory guidelines and no evidence exists that County Court abused its discretion, we perceive no extraordinary circumstances which would warrant a reduction in the sentence imposed (*see People v Wallace,* 8 AD3d 753, 756 [2004], *lv denied* 3 NY3d 682 [2004]; *People v Calkins,* 6 AD3d 744, 746 [2004], *lv denied* 3 NY3d 671 [2004]).

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.