■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY D. GRAYS, Appellant. [994 NYS2d 451]—

Clark, J. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered August 5, 2011, upon a verdict convicting defendant of the crime of conspiracy in the second degree.

In early October 2010, defendant—then serving a sentence in the Otsego County jail on a contempt conviction stemming from various violations of an order of protection in favor of his ex-girlfriend, Jeanette Hamm—allegedly told a fellow prisoner that he desired to have Hamm murdered. Defendant's block-mate discussed the matter with prison officials, and the Otsego County Sheriff's Department began an investigation. As part of

the investigation, an undercover police officer posing as a potential assassin talked with defendant on the phone and met with him at the jail. Defendant was arrested shortly thereafter and charged by indictment with the crime of conspiracy in the second degree. Following a jury trial, defendant was convicted as charged (*see* Penal Law §§ 105.15, 105.20). County Court ultimately sentenced defendant to $8^{1}/_{3}$ to 25 years in prison and imposed a lengthy order of protection against defendant and in favor of Hamm. Defendant now appeals.

As the People concede, the indictment is jurisdictionally defective and must be dismissed inasmuch as it failed to charge the commission of an overt act in furtherance of the conspiracy as required by Penal Law § 105.20 (*see* CPL 200.50 [7] [a]; 200.70 [2] [a]; *People v Dreyden*, 15 NY3d 100, 103 [2010]; *People v Boula*, 106 AD3d 1371, 1371-1372 [2013], *lv denied* 21 NY3d 1040 [2013]; *People v McCoy*, 89 AD3d 1218, 1221 [2011], *lv denied* 18 NY3d 959 [2012]). In light of our determination that the indictment must be dismissed, a review of defendant's remaining contentions is unnecessary.

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury.