Rose, J.
Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered February 20, 2015, upon a verdict convicting defendant of the crimes of attempted robbery in the first degree and conspiracy in the fourth degree.
Defendant and codefendant Anthony G. Placido were charged by indictment with attempted robbery in the first degree (count 1) and conspiracy in the fourth degree (count 2) after they, along with three others, devised a plan to rob two out-of-town drug dealers of their drugs at gunpoint. Prior to trial, Placido moved to dismiss the indictment alleging, among other things, that count 2 of the indictment was jurisdictionally defective because it failed to allege an overt act committed in furtherance of the conspiracy (see People v Placido, 149 AD3d 1157 [2017]). County Court then granted the People’s request to amend count 2 of the indictment as to both Placido and defendant to cure this defect. A joint jury trial thereafter ensued, following which both defendant and Placido were convicted as charged. Defendant was subsequently sentenced to 12 years in prison with five years of postrelease supervision for the attempted robbery conviction and IV3 to 4 years for the conspiracy conviction, with the sentences to run consecutively. Defendant appeals.
In connection with Placido’s appeal, this Court has held that count 2 of the indictment was jurisdictionally defective and that County Court lacked the authority to grant the People’s motion to amend that count (see People v Placido, 149 AD3d at 1157-1158 [2017]). In light of the fact that count 2 of the indictment was identical in respect to Placido and defendant, it necessarily follows that this Court’s holding in People v Placido (supra) applies with equal force to defendant. Accordingly, notwithstanding the fact that defendant did not raise this issue before County Court and does not raise it on appeal, we *1274 exercise our interest of justice jurisdiction and reverse defendant’s conviction for conspiracy in the fourth degree.
As to defendant’s conviction for attempted robbery in the first degree, he contends that it is against the weight of the evidence because the proof established that, en route to carry out the robbery, he and Placido changed their minds about executing the plan. We disagree. Although a different verdict would not have been unreasonable, after viewing the evidence in a neutral light and according great deference “ ‘to the fact-finder’s opportunity to view the witnesses, hear the testimony and observe demeanor’ ” (People v Peart, 141 AD3d 939, 940 [2016], lv denied 28 NY3d 1074 [2016], quoting People v Bleakley, 69 NY2d 490, 495 [1987]), we find that a jury could reasonably conclude that defendant’s actions and the surrounding circumstances, including Placido’s conduct, established not only defendant’s intent to forcibly steal drugs from the out-of-town dealers (see generally People v Lamont, 25 NY3d 315, 319 [2015]; People v Newell, 148 AD3d 1216, 1220-1221 [2017]; People v Wilkerson, 140 AD3d 1297, 1302 [2016], lv denied 28 NY3d 938 [2016]), but also that he came “ ‘dangerously near’ ” to committing robbery in the first degree (People v Kassebaum, 95 NY2d 611, 618 [2001], cert denied 532 US 1069 [2001], quoting People v Acosta, 80 NY2d 665, 670 [1993]; cf. People v Lamont, 25 NY3d at 319-321). Accordingly, we are satisfied that defendant’s conviction for attempted robbery in the first degree is supported by the weight of the evidence (see People v Placido, 149 AD3d at 1160 [2017]; People v Guy, 93 AD3d 877, 881-882 [2012], lv denied 19 NY3d 961 [2012]).
Finally, we are unpersuaded by defendant’s contention that the sentence imposed for the attempted robbery conviction was harsh and excessive. Defendant’s sentence is within the permissible statutory range (see Penal Law § 70.02 [3] [b]) and, given his reckless actions and lack of remorse, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence (see People v Robinson, 53 AD3d 681, 684 [2008], lv denied 11 NY3d 794 [2008]; People v Baybury, 30 AD3d 627, 628 [2006], lv denied 7 NY3d 785 [2006]; People v Stewart, 296 AD2d 587, 588 [2002]).
Peters, P.J., McCarthy, Garry and Aarons, JJ., concur.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant’s conviction of conspiracy in the fourth degree under count 2 of the indictment; said count dismissed, without prejudice, and the *1275 sentence imposed thereon vacated; and, as so modified, affirmed.