People v Silcox-Mix (2018 NY Slip Op 01360)





People v Silcox-mix


2018 NY Slip Op 01360


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

108023

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MATTHEW S. SILCOX-MIX, Appellant.

Calendar Date: January 8, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Cynthia Feathers, Glens Falls, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered July 10, 2015, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.
Defendant, an inmate at a state correctional facility, was charged in a one-count indictment with promoting prison contraband in the first degree after a search of his cell led to the discovery of a realistic replica of a pistol that had been fabricated from prison-issued soap and paper. Following a jury trial, defendant was convicted as charged and sentenced to a prison term of 1&frac13; to 4 years, to run consecutively to the prison term he was then serving. Defendant now appeals.
Defendant first contends that his conviction is against the weight of the evidence. When a different verdict would not have been unreasonable, as here, we must view the evidence in a neutral light and accord deference to the jury's credibility determinations in determining whether each element of the crime for which defendant was convicted was proven beyond a reasonable doubt (see People v Williams, 156 AD3d 1224, 1225-1226 [2017]). As relevant here, "[a] person is guilty of promoting prison contraband in the first degree when . . . [b]eing a person confined in a detention facility, he [or she] knowingly and unlawfully makes, obtains or possesses any dangerous contraband" (Penal Law § 205.25 [2]). It is undisputed that defendant was confined in a detention facility, that he had fabricated, and was in possession of, the soap [*2]gun that was found when his cell was searched and that the soap gun was contraband [FN1]. Thus, we must consider whether the jury's conclusion that the soap gun was dangerous is against the weight of the evidence.
Contraband is dangerous if it "is capable of such use as may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]). In that regard, "the test for determining whether an item is dangerous contraband is whether its particular characteristics are such that there is a substantial probability that the item will be used in a manner that is likely to cause death or other serious injury, to facilitate an escape, or to bring about other major threats to a detention facility's institutional safety or security" (People v Finley, 10 NY3d 647, 657 [2008] [emphasis omitted]). Whether an item is dangerous contraband turns on the manner in which it may be used; notably, Finley imposes no requirement that an item be inherently dangerous to qualify as dangerous contraband (see People v Green, 119 AD3d 23, 26-27, 29 [2014], lv denied 23 NY3d 1062 [2014]; People v Wilson, 56 AD3d 1266, 1267 [2008], lv denied 12 NY3d 763 [2009]).
Defendant fabricated the soap gun from several bars of soap and lined notebook paper, and he used carbon paper to color the soap gun and make it look as realistic as possible by giving it the appearance of a black or stainless weapon. Defendant also fabricated two magazine replicas from soap, one of which had been completely colored, that could be inserted and removed from the handle of the replica pistol. The soap gun and magazines were admitted into evidence and, accordingly, were available for examination by the jury (see e.g. People v Torres, 14 AD3d 801, 803 [2005], lv denied 4 NY3d 836 [2005]). Two correction officers — each a lieutenant with over 25 years of experience — testified that because the soap gun resembled a real weapon, it could have been used to facilitate an escape and, further, that any display of the soap gun would likely have led to the use of deadly force to protect against the apparent threat posed by the presence of a gun.
Defendant's primary argument — that even if the soap gun resembled a real weapon, it was not dangerous because he was unable to remove it from his cell or use it in any dangerous or threatening manner — is meritless because there is no requirement that contraband be immediately available for use to be considered dangerous (see People v Rosario, 262 AD2d 802, 803 [1999], lv denied 93 NY2d 1026 [1999]). Moreover, the correction officers testified that the possibility existed for defendant to remove the soap gun from his cell, or from the special housing unit (hereinafter SHU), where defendant was housed for disciplinary reasons when the gun was located. Inmates in SHU are confined to their cells for 23 hours per day with no access to the general prison population and are searched and placed in restraints every time that they are removed from their cells. Defendant testified that he believed that there was no way he could have removed the soap gun from the SHU. However, the correction officers testified that items secreted upon the person of an inmate are not always discovered because the searches that are conducted when a defendant is removed from a cell are not failsafe. They also testified that an item of contraband placed among the items of personal property that an inmate is permitted to take from the SHU upon the inmate's return to regular housing with the general prison population may not be found because such personal effects are not routinely searched. Thus, we conclude that defendant's conviction is not against the weight of the evidence.
We reject defendant's contention that he should have been granted youthful offender status. Defendant was ineligible for youthful offender status for the instant conviction because he had previously been adjudicated a youthful offender following a felony conviction (see Penal Law § 720.10 [2] [c]). Finally, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence, given defendant's prior misdemeanor conviction for possessing prison contraband and his admission that he intended to create a life-like replica of a gun, notwithstanding his knowledge of the dangers caused by the presence of a gun within a prison (see People v DeLeon, 149 AD3d 1273, 1274 [2017], lv denied 29 NY3d 1077 [2017]).
Egan Jr. J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant conceded that the soap gun was contraband by arguing in his brief on appeal that the charge should be reduced to promoting prison contraband in the second degree upon a determination that the soap gun was not dangerous.