People v Mackie (2019 NY Slip Op 53940)





People v Mackie


2019 NY Slip Op 53940


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

109741

[*1]The People of the State of New York, Respondent,
v
Larry Mackie, Appellant.

Calendar Date: October 18, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Clinton County (Bruno, J.), rendered June 26, 2017, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the third degree (seven counts) and conspiracy in the fourth degree (two counts).
In satisfaction of four indictments (Nos. 65A-I-161395, 66A-I-161397, 8A-I-171506 and 11-I-171511) charging defendant with 13 drug-related offenses, defendant pleaded guilty, as charged, to criminal sale of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the third degree (seven counts) and conspiracy in the fourth degree (two counts). Thereafter, defendant was sentenced, as a second felony offender, to concurrent and consecutive prison terms, to be followed by postrelease supervision, resulting in a prison sentence of 12 years.[FN1] Defendant appeals, seeking to reverse both of the conspiracy convictions and challenging his sentence as harsh and excessive.
Notwithstanding the People's concession that defendant's plea allocution to the conspiracy charges was factually insufficient, defendant's claim in this regard is not preserved for our review, as the record does not reflect that he made an appropriate postallocution motion that would have afforded County Court "the opportunity to address the perceived error and to take corrective measures, if needed" (People v Lopez, 71 NY2d 662, 665-666 [1988]; see CPL 220.60 [3]; People v Small, 166 AD3d 1237, 1238 [2018]; People v McClain, 165 AD3d 1345, 1346 [2018]). Further, the narrow exception to the preservation rule was not triggered here, as "defendant did not make any statements during his allocution that cast doubt upon his guilt or negated an element of the charged crime[s], and nothing on the face of the colloquy calls into question either the voluntariness of defendant's plea or his capacity to enter into it" (People v Small, 166 AD3d at 1238-1239 [internal quotation marks and citation omitted]; see People v Lopez, 71 NY2d at 666; People v Reap, 163 AD3d 1287, 1288 [2018], lv denied 32 NY3d 1128 [2018]; People v Blair, 140 AD3d 1478, 1479 [2016], lv denied 28 NY3d 927 [2016]). Nevertheless, we exercise our interest of justice jurisdiction to take corrective action (see CPL 470.15 [3] [c]; [6] [a]) and reverse defendant's two conspiracy convictions (see People v Deleon, 149 AD3d 1273, 1273-1274 [2017], lv denied 29 NY3d 1077 [2017]).
"A person shall not be convicted of conspiracy unless an overt act is alleged and proved to have been committed by one of the conspirators in furtherance of the conspiracy" (Penal Law § 105.20 [emphasis added]; see People v Ramos, 19 NY3d 417, 419-420 [2012]; People v Pichardo, 160 AD3d 1044, 1048 [2018], lv denied 31 NY3d 1151 [2018]; People v Deleon, 149 AD3d at 1273). Here, the two conspiracy counts neither allege that an overt act was committed nor include factual allegations describing such an act. There is no assertion that defendant took any action beyond agreeing "to engage in or cause the performance of a class B felony." Accordingly, defendant's convictions of conspiracy in the fourth degree under count 3 of indictment No. 65A-I-161395 and count 2 of indictment No. 8A-I-171506 must be reversed and the sentences imposed thereon vacated. Given that these two conspiracy counts were jurisdictionally defective and not subject to amendment (see CPL 200.50 [7] [a]; 200.70 [2] [a], [b]; People v Placido, 149 AD3d 1157, 1157-1158 [2017]), said counts are dismissed (see People v Pichardo, 160 AD3d at 1048; People v Deleon, 149 AD3d at 1273-1274; People v Grays, 121 AD3d 1178, 1179 [2014]; People v Pike, 63 AD3d 1692, 1693 [2009], lv denied 13 NY3d 838 [2009]; cf. People v Walker, 135 AD3d 1244, 1245 [2016]).
Finally, we are unpersuaded by defendant's contention that the sentences imposed for the 11 remaining convictions were harsh and excessive. Initially, we note that defendant's sentencing exposure was significantly greater than the 12 years that he received as a result of his convictions, as a second felony offender, for 11 class B felonies, and that eight of the sentences were concurrent. Moreover, defendant has been previously incarcerated as a result of his criminal history involving, among other things, weapon-related offenses. Accordingly, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentences in the interest of justice (see People v Shortell, 155 AD3d 1442, 1443, 1447 [2017], lv denied 31 NY3d 1087 [2018]; People v Johnson, 151 AD3d 1462, 1466 [2017], lv denied 30 NY3d 1106 [2018]; People v Lee, 129 AD3d 1295, 1300 [2015], lv denied 27 NY3d 1001 [2016]; People v Samuel, 284 AD2d 654, 655 [2001]).
Egan Jr., J.P., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's convictions of conspiracy in the fourth degree under count 3 of indictment No. 65A-I-161395 and count 2 of indictment No. 8A-I-171506; said counts dismissed and the sentences imposed thereon vacated, with leave to the People to re-present any appropriate charge to a new grand jury; and, as so modified, affirmed.



Footnotes

Footnote 1: Defendant was sentenced to consecutive prison terms of three years for his conviction of criminal sale of a controlled substance in the third degree under count 1 of indictment No. 66A-I-161397, four years for his conviction of criminal sale of a controlled substance in the third degree under count 1 of indictment No. 8A-I-171506, five years for his conviction of criminal possession of a controlled substance in the third degree under count 1 of indictment No. 11-I-171511 and to lesser concurrent prison terms on his remaining convictions.