■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered June 24, 1986, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in refusing to grant him an adjournment so that he could substitute new counsel. We disagree. The record indicates that defendant's trial counsel was the fourth attorney assigned to represent him, that the defendant made his motion to substitute new counsel after the People rested their case, and that the defendant failed to articulate a compelling reason to justify the last-minute delay which the substitution of new counsel would have required *(see, People v Medina,* 44 NY2d 199; *People v Williams,* 114 AD2d 870, *lv denied* 67 NY2d 766). The record also reveals that the trial court was willing to permit the substitution provided it did not create any delay but that the defendant's proposed new counsel was not ready to proceed with the case as scheduled. It is settled that court-appointed counsel will not be removed except for good cause shown *(see, People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178; *People v Bold,* 125 AD2d 583, *lv denied* 69 NY2d 877). Under the circumstances presented in this case, we find that the trial court did not err in refusing to grant the

defendant's motion to substitute new counsel *(see, People v Tineo,* 64 NY2d 531).

The defendant's claim that he was denied a fair trial by the submission to the jury of a verdict sheet containing the elements of the crimes charged is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Battles,* 141 AD2d 748; *People v Rodriguez,* 144 AD2d 598; *cf., People v Nimmons,* 72 NY2d 830; *People v Testaverde,* 143 AD2d 208), and we decline to consider it in the exercise of our interest of justice jurisdiction.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.