(July 29, 2004)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED X. POQUEE, Appellant. [780 NYS2d 247]—

Mercure, J. Appeals (1) from a judgment of the Supreme Court (Lamont, J.), rendered January 5, 2001 in Albany County, upon

a verdict convicting defendant of the crimes of sodomy in the first degree, rape in the first degree and assault in the second degree (two counts), and (2) by permission, from an order of said court, entered December 17, 2002 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following a jury trial, defendant was convicted of the crimes of sodomy in the first degree, rape in the first degree and assault in the second degree (two counts) in connection with a three-day attack upon the victim in her home. Defendant was subsequently sentenced to an aggregate term of 32 years in prison and he now appeals from the judgment of conviction and Supreme Court's subsequent denial of his posttrial motion pursuant to CPL 440.10.

Initially, we find no error in Supreme Court permitting the victim to testify as to uncharged prior acts of violence perpetrated upon her by defendant. "[U]ncharged crimes or bad acts may be admitted where they fall within the classic *Molineux* exceptions (*see People v Molineux*, [168 NY 264, 293] [1901]) or are inextricably interwoven with the charged crimes, provide necessary background or complete a witness's narrative" (*People v Tarver*, 2 AD3d 968, 969 [2003]). The victim here testified concerning previous acts of domestic violence which, like the charged crimes, were spawned of defendant's jealousy concerning what he perceived to be the victim's relationships with other men. Supreme Court thus properly permitted the evidence to be admitted as background and as proof of defendant's intent or motive (*see People v Su*, 239 AD2d 703, 704 [1997], *lv denied* 90 NY2d 940 [1997]; *see also People v Vega*, 3 AD3d 239, 246-248 [2004], *lv denied* 2 NY3d 766 [2004]; *People v Bierenbaum*, 301 AD2d 119, 149-150 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* — US —, 124 S Ct 134 [2003]) and, further, gave repeated and appropriate instructions to the jury to that effect (*see People v Rogner*, 265 AD2d 688, 689-690 [1999]; *compare People v Fleegle*, 295 AD2d 760, 762 [2002]).

The allegations contained in defendant's posttrial motion regarding defense counsel's failure to request a competency hearing at the time of trial are similarly unavailing. It is beyond cavil that " '[a] defendant is presumed to be competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of assisting in his or her own defense or of understanding the proceedings against him [or her]' " (*People v Medina*, 249 AD2d 694, 694 [1998], quoting *People v Planty*, 238 AD2d 806, 807 [1997], *lv*

*denied* 89 NY2d 1098 [1997]). Notwithstanding defendant's history of mental illness and prior drug abuse, defendant's claim of his incompetency at the time of trial is not supported by the record. Indeed, evidence demonstrates that defendant grasped the nature of the proceedings before Supreme Court and actively participated by rejecting a plea bargain, exploring with the court his right to testify, and demonstrating a clear and coherent recollection of events during his testimony. Accordingly, it cannot be said that defense counsel erred in failing to request a competency hearing (*see People v Alexander*, 161 AD2d 1035, 1036-1037 [1990], *lvs denied* 76 NY2d 851 [1990]; *see also People v Allen*, 285 AD2d 470, 471 [2001], *lv denied* 96 NY2d 915 [2001]). Given Supreme Court's ample opportunity to observe defendant's behavior at trial, the court appropriately exercised its discretion in denying defendant's CPL article 440 motion without a hearing (*see* CPL 440.30 [4] [d]). We have reviewed defendant's remaining contentions and find them to be without merit.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.