■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. HILTS, Also Known as T and TRUE, Appellant. [846 NYS2d 750]—

Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered August 10, 2004, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

Defendant was indicted and charged with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. Defendant was tried in January 2004, which trial culminated with a hung jury and declaration of a mistrial. Defendant was retried in May 2004, at which time the confidential informant, who testified at the first trial, was determined to be unavailable pursuant to CPL 670.10 and his prior testimony was read into evidence. Defendant thereafter was convicted as charged and sentenced, as a second felony offender, to four concurrent terms of imprisonment of 10 to 20 years. Defendant now appeals.

Regarding the myriad errors assigned to the trial, two merit discussion. First, defendant contends that the People failed to exercise due diligence in determining the whereabouts of the confidential informant and County Court thereby erred in admitting his prior testimony into evidence. We disagree.

CPL 670.10 authorizes the admission into evidence of testimony of a witness given at a prior trial if the witness is outside the state and cannot with due diligence be brought before the court. The question distills to whether the District Attorney and the local police department exercised due diligence. The record reveals that following the first trial, a police detective opined that the informant might want to leave town

inasmuch as he could be in danger as a known informant. It was agreed that the informant would keep in touch and he did, though sporadically. Indeed, he contacted the police on the very day that defendant was scheduled to be retried and advised that he was in Washington, D.C. living in the parks and possessed no identification. He was advised of the retrial and agreed to return in exchange for the police wiring money for his bus fare, which they did. While the informant retrieved the bus fare, he did not return to Schenectady County. Consequently, the Schenectady police contacted the District of Columbia police for assistance, but to no avail. The local police ran repeated criminal history checks to determine whether the informant may have been arrested and, further, contacted the informant's mother, a friend with whom he previously had been staying and a homeless shelter in Washington, D.C. where he had been known to have lived at one time. In our view, this evidence supports County Court's finding that the People exercised due diligence in attempting to procure the first-hand testimony of the informant.

Next, defendant urges that County Court erred in limiting the role of standby counsel. Just prior to jury selection, defendant requested to proceed pro se. After careful inquiry concerning the pitfalls of self-representation, County Court granted defendant's request and instructed his then assigned counsel to remain as standby counsel. In that capacity, the court instructed counsel that she was to assist defendant only at his request and was not to give unsolicited advice during trial.

While a defendant has a right to proceed pro se, he has no right to hybrid representation, and County Court was well within its authority to impose the restrictions it did on assigned counsel's continued assistance (*see People v Mirenda*, 57 NY2d 261, 266 [1982]; *People v Miles*, 8 AD3d 758, 759 [2004], *lv denied* 3 NY3d 678 [2004]). We have considered defendant's remaining contentions and find them equally without merit.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.