[922 NE2d 872, 895 NYS2d 286]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. HILTS, Also Known as T and TRUE, Appellant.

Argued November 18, 2009; decided December 17, 2009

APPEARANCES OF COUNSEL

*Lazer, Aptheker, Rosella & Yedid, P.C.*, Melville (*David Lazer* of counsel), for appellant.

*Robert M. Carney, District Attorney,* Schenectady (*Gerald A. Dwyer* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

After one trial ended in a hung jury, defendant was convicted at a second trial of sale and possession of a controlled substance. The People's main witness at the first trial was a police informant. The informant failed to appear for the second trial, and the People were permitted to introduce his previous testimony, pursuant to CPL 670.10. Defendant argues that this was error for two reasons: (1) he did not have a full and fair opportunity to cross-examine the informant at the first trial; and (2) the People failed to show that the informant could not "with due diligence be found," as CPL 670.10 (1) requires. We reject both arguments.

The basis for the first argument is that the People allegedly withheld, at the first trial, information relevant to the informant's credibility. But the only information existing at the time of the first trial that was not disclosed to defendant consists of a conversation between the informant and the prosecutor, in which the informant asked for the prosecutor's help in disposing of an unrelated case; the prosecutor replied that, after defendant's trial, he would "revisit" the informant's request with the office prosecuting the other matter. Considering the large

quantity of evidence impeaching the informant's credibility that defendant had available—and used—at the first trial, the informant's request and the prosecutor's noncommittal response were immaterial as a matter of law.

 Defendant's second argument fails because the record supports the affirmed finding that the People were unable to locate the informant with due diligence.

Defendant's remaining arguments are without merit.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.