(April 15, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VLADIMIR KULAKOV, Appellant. [898 NYS2d 373]—

McCarthy, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered January 4, 2007, upon a verdict convicting defendant of the crimes of attempted murder in the first degree, assault in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, grand larceny in the third degree, criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth degree.

Defendant was indicted on numerous charges following an

incident during which he stole a truck, led police on a vehicular chase and then a foot chase, shot a State Trooper twice, fled, and was apprehended following another vehicular chase in a different stolen truck. At a pretrial hearing, defendant requested to proceed pro se, but agreed to allow counsel to continue representing him. Before the trial commenced, defendant again sought to proceed pro se. After discussing the matter with defendant and counsel, County Court permitted defendant to represent himself, but required his attorney to remain as standby counsel. Defendant did not ask any questions during voir dire, but did challenge potential jurors for cause and exercised peremptory challenges. Several of his challenges for cause were granted by the court. After two witnesses had completed their testimony, defendant informed the court that he could not properly formulate questions and was in need of counsel. His attorney then resumed representing him. At the conclusion of the People's case, defendant again requested to proceed pro se, but the court denied that request. Defendant testified in his own behalf, against counsel's advice, and no other defense evidence was presented. The jury convicted defendant of seven felonies—attempted murder in the first degree, assault in the first degree, criminal possession of a weapon in the second and third degrees, grand larceny in the third degree and criminal possession of stolen property in the third and fourth degrees—and the court sentenced him as a second felony offender. Defendant appeals.

County Court did not err in failing to order, sua sponte, a mental examination of defendant pursuant to CPL 730.30. The determination of whether to order a competency hearing rests in the sound discretion of the trial court, and the court here never indicated that it considered defendant an incapacitated person, i.e., someone unable to understand the proceedings against him or incapable of assisting in his defense by reason of a mental disease or defect (see People v Tortorici, 92 NY2d 757, 765 [1999], cert denied 528 US 834 [1999]; see also CPL 730.10 [1]; 730.30 [1]; People v Francabandera, 33 NY2d 429, 436 [1974]). Some of defendant's answers or statements which he now points to as unresponsive or delusional may instead be attributable to a slight language barrier, as English is not his first language. Defendant made statements that were argumentative and may have reflected an incorrect understanding of some aspects of the law, but these statements showed that he was defiant and distrustful of lawyers and the criminal justice system rather than delusional or mentally unstable (see People v Daley, 302 AD2d 745, 746 [2003]). His threat to speak only Russian for the remainder of the trial was similarly a manipulative

attempt to gain delay or force the court to grant his request, but he rejected that tactic when he realized that it was unsuccessful. Defendant answered the court's questions, explained his positions, and made logical arguments while representing himself during voir dire and at other times (*see People v Poquee*, 9 AD3d 781, 782-783 [2004], *lv denied* 3 NY3d 741 [2004]). In his dealings with the court, defendant did not act in a bizarre manner such that the court was required to order a mental examination, especially where none was requested.

County Court did not err in permitting defendant to proceed pro se. The court discussed with defendant the advantages of representation by counsel as well as the pitfalls of self-representation, and allowed his assigned attorney to remain as standby counsel (*see People v Hilts*, 46 AD3d 947, 949 [2007], *affd* 13 NY3d 895 [2009]). When defendant made statements indicating that he misunderstood the role of counsel or the court, the court explained that hybrid representation was not permitted and that the court could not advise defendant on the law during the trial. Defendant's request prior to the commencement of jury selection was timely, he was unequivocal in his desire to represent himself, he had not been disruptive and his discussion with the court exhibited a knowing and intelligent waiver of his right to counsel (*see People v McIntyre*, 36 NY2d 10, 17-18 [1974]; *People v Tafari*, 68 AD3d 1540, 1541 [2009]). He answered the court's questions regarding the roles of the prosecutor and defense, as well as the general nature of the charges,* and detailed his prior self-representation in two separate cases. Having satisfied itself that defendant was informed of the consequences of forgoing counsel and knowingly chose to proceed pro se, the court properly granted defendant's request, but continued his attorney as standby counsel.

Defendant cannot now argue that County Court should have assigned him new counsel. Although he stated prior to his pretrial hearing that he was dissatisfied with counsel and did not know what he wanted to do if he could not get another attorney, he waived his request by agreeing with the court's suggestion to allow continued representation by his assigned counsel for the hearing (*cf. People v Gillian*, 8 NY3d 85, 88 [2006]). When he became dissatisfied with his self-representation, he told the court that he did not want to continue pro se, but also did not

---

* On appeal, defendant's counsel contends that defendant was unaware of the charges against him. While defendant stated that trial counsel never gave him a copy of his paperwork, he mentioned the basic nature of the charges without knowing the degree or precise name of the crimes, and properly used legal terms such as "superceding indictment."

want assigned counsel to represent him. That was not a clear request for the court to assign him new counsel. In any event, the court would have been justified in denying a request for new counsel that was made during the trial (*see People v Moore*, 149 AD2d 739, 739 [1989], *lvs denied* 74 NY2d 744, 898 [1989]; *cf. People v Medina*, 44 NY2d 199, 207-208 [1978]). Hence, the court was never in a position where it was required to assign new counsel to represent defendant.

Defendant was not denied the effective assistance of counsel. The only alleged errors raised by defendant are that counsel failed to present an insanity defense and did not request a CPL article 730 examination. Defendant believed that he was being illegally detained in the United States due to immigration concerns, that any attempt to secure him—even by police—constituted kidnapping and that he was justified in using deadly force to prevent such a kidnapping. He relied upon the defense of justification in Penal Law article 35 to support his argument. While this was clearly an incorrect interpretation of the law, these beliefs did not render him insane. As the record does not support defendant's current contention that he had a valid insanity defense, and counsel pursued other rational defenses while zealously representing defendant, we cannot say that counsel was ineffective (*cf. People v Wheeler*, 249 AD2d 774, 775 [1998]; *compare People v Horan*, 290 AD2d 880, 884-886 [2002], *lv denied* 98 NY2d 638 [2002]). For the same reasons that County Court did not err in failing to order a mental examination, counsel was not ineffective for failing to request such an exam (*see People v Poquee*, 9 AD3d at 783; *People v Wojes*, 306 AD2d 754, 755 [2003], *lv denied* 100 NY2d 600 [2003]).

Mercure, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.