THIRD DEPARTMENT, MAY, 2011

(May 5, 2011)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR S. GRICE, Appellant. [921 NYS2d 727]—

Peters, J.P. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered December 1, 2008, upon a verdict convicting defendant of the crime of robbery in the first degree.

On October 29, 2007, defendant and three other individuals entered an apartment with a gun, directed the victims to remove their clothing, bound them with duct tape and allegedly stole, among other things, $3,500 in cash and a cellular telephone. Soon thereafter, two of defendant's accomplices were arrested at a nearby hotel, where the police recovered a loaded handgun, a magazine with five rounds of ammunition, duct tape and $1,768 in cash. Following his arrest, defendant waived indictment and agreed to be prosecuted by a superior court information charging him with robbery in the first degree and grand larceny in the third degree. The first trial, held in May 2008, resulted in a mistrial. By the time the second trial commenced in August 2008, one of the victims, Michael Osunsina, had been deported and his whereabouts were unknown. County Court granted the People's motion to have Osunsina's testimony from the first trial read into evidence at the second trial, finding Osunsina to be unavailable pursuant to CPL 670.10. Following the trial, defendant was convicted of the robbery charge, but acquitted of the grand larceny charge. County Court sentenced him to 15

years in prison, to be followed by five years of postrelease supervision, and imposed a $5,000 fine. Defendant now appeals.

We agree with defendant that his conviction is against the weight of the evidence because the evidence failed to establish that he possessed a "deadly weapon" during the robbery, a necessary element of robbery in the first degree (*see* Penal Law § 10.00 [12]; § 160.15 [2]). A deadly weapon is one that is "both operable and loaded with live ammunition" (*People v Shaffer*, 66 NY2d 663, 664 [1985]). Here, although the People's firearms examiner testified that he had successfully test-fired the weapon recovered from defendant's hotel room using ammunition from police inventory, there was no evidence that any of the ammunition recovered with the weapon had been tested and determined to be live (*see id.*; *People v Johnson*, 56 AD3d 1191, 1192 [2008]; *People v Gulnac*, 309 AD2d 1070, 1071 [2003]; *People v Daniels*, 77 AD2d 745, 746 [1980]). Nor was there any adequate explanation given as to "why the ammunition was not or could not have been test-fired" (*People v Shaffer*, 66 NY2d at 664). While the People proffered testimony from a State Police investigator who, based solely upon observation, stated that he "believe[d]" that the ammunition found in the weapon was live, this evidence is too speculative to establish that the ammunition constituted live rounds and, therefore, insufficient as a matter of law to satisfy the deadly weapon element of robbery in the first degree (*see People v Johnson*, 56 AD3d at 1192; *People v Thomas*, 70 AD2d 570, 571 [1979]; *see also People v Daniels*, 77 AD2d at 746). However, as the evidence was sufficient to convict defendant of the lesser included offense of robbery in the second degree (*see* Penal Law § 160.10 [2] [b]; *see generally People v Smith*, 55 NY2d 888, 890 [1982]; *People v Bell*, 265 AD2d 813, 814 [1999], *lv denied* 94 NY2d 916 [2000]), we reduce his conviction accordingly (*see People v Singh*, 78 AD3d 1080, 1082 [2010]; *People v Alvarez*, 38 AD3d 930, 934-935 [2007], *lv denied* 8 NY3d 981 [2007]).

Defendant also contends that the People failed to exercise due diligence in their efforts to delay Osunsina's deportation and return him to the United States to testify and, therefore, County Court erred in admitting his prior testimony into evidence at the second trial. We disagree. The prior trial testimony of a witness may be entered into evidence in a subsequent proceeding when he or she is outside the state and is unable to be located and brought before the court with the exercise of due diligence (*see* CPL 670.10 [1]; *People v Diaz*, 97 NY2d 109, 112 [2001]; *People v Hilts*, 46 AD3d 947, 948 [2007], *affd* 13 NY3d 895 [2009]).

Here, prior to the first trial, the People were aware of Osunsina's immigration issues and were advised that, although Osunsina would most likely be able to testify prior to being deported, the deportation process would not be delayed. The day following County Court's declaration of a mistrial, the People sent an e-mail to two detectives with the City of Plattsburgh Police Department requesting that they inquire as to whether Osunsina's deportation could be stopped until he was able to testify at the second trial. One of the detectives explained that, based upon his prior contact with the Immigration and Naturalization Service, whereby he was informed that deportation could not be delayed to allow Osunsina to testify, he determined that inquiring again would be futile. The People then timely applied for a writ of habeas corpus ad testificandum to compel the attendance of Osunsina before County Court, but Osunsina was deported prior to the court's execution of the order. Thereafter, the Department of Homeland Security advised that, as a removed alien, Osunsina was not required to provide them with an updated address and, therefore, his whereabouts were unknown. The People were also notified by a member of the United States Immigration Enforcement Unit that, even if Osunsina were to be located, he would not be permitted back into the country until three months had elapsed from the date of his deportation and, then, only under special circumstances. In light of this evidence, we cannot conclude that County Court erred in finding that the People exercised due diligence in attempting to secure Osunsina's attendance at the second trial (*see People v Hilts*, 46 AD3d at 948-949; *People v Thomas*, 219 AD2d 549, 549-550 [1995], *lv denied* 87 NY2d 851 [1995]; *People v Tumerman*, 133 AD2d 714, 715 [1987], *lv denied* 70 NY2d 938 [1987], *cert denied* 485 US 969 [1988]; *compare People v Diaz*, 97 NY2d at 112-116; *People v Robinson*, 1 AD3d 701, 702-703 [2003]).

Defendant's remaining contentions, including his claim that misconduct on the part of the prosecutor amounted to reversible error, have been fully reviewed and found to be lacking in merit.

Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is modified, on the facts, by reducing defendant's conviction of robbery in the first degree to robbery in the second degree and vacating the sentence imposed thereon; matter remitted to the County Court of Clinton County for resentencing; and, as so modified, affirmed.