■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY TROMBLEY, Appellant. [947 NYS2d 686]—

Kavanagh, J.

In December 2009, defendant and the victim engaged in an argument, which ended with defendant striking the victim in the face with his fist. The victim sustained two lacerations to his face, one below his lip and another below his chin. As a result, defendant was subsequently indicted and, after a jury trial, convicted of, among other things, assault in the second degree. Defendant was sentenced, as a second violent felony offender, to 6½ years in prison, plus two years of postrelease supervision, and he now appeals.

As relevant here, a person is guilty of assault in the second degree when, "[w]ith intent to cause serious physical injury to another person, he [or she] causes such injury to such person or to a third person" (Penal Law § 120.05 [1]). Serious physical injury is defined as a physical injury that creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ (*see* Penal Law § 10.00 [10]). Here, the People simply alleged that the two scars on the victim's face resulting from this assault, the larger one located under his lower lip being approximately one inch long, constituted a serious and protracted disfigurement and, therefore, qualified as a serious physical injury.

The Court of Appeals has held that "[a] person is 'seriously' disfigured when a reasonable observer would find [his or] her altered appearance distressing or objectionable. The standard is an objective one, but we do not imply that the only relevant factor is the nature of the injury; the injury must be viewed in context, considering its location on the body and any relevant aspects of the victim's overall physical appearance" (*People v McKinnon*, 15 NY3d 311, 315 [2010]). Although the victim's scars are on his face, given their relatively small size, location and appearance, we cannot conclude that they are "objectively 'distressing or objectionable' " (*People v Stewart*, 18 NY3d 831,

832 [2011], quoting *People v McKinnon*, 15 NY3d at 315; *compare People v Nesbitt*, 89 AD3d 447, 450 [2011]). Therefore, the evidence was legally insufficient to establish that the victim sustained a serious physical injury in this assault (*see* Penal Law § 120.05 [1]). Under the circumstances presented herein, we reduce defendant's conviction of assault in the second degree to assault in the third degree (*see* Penal Law § 120.00 [1]; *People v Rosado*, 88 AD3d 454, 455 [2011], *lv denied* 18 NY3d 928 [2012]; *People v Felipe*, 79 AD3d 1454, 1456 [2010]).

Extended discussion of defendant's remaining claims is not warranted. Specifically, County Court did not err by permitting the victim's treating physician to describe how the injuries appeared when he treated the victim shortly after this incident or in allowing the jury to view photographs of the victim's injuries that were taken immediately after his encounter with defendant (*see generally People v Wood*, 79 NY2d 958, 960 [1992]). The court also did not deprive defendant of a fair trial by precluding questioning of the victim about the alleged use of a weapon during the incident.

Rose, J.P., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction of assault in the second degree under count 4 of the indictment to assault in the third degree; vacate the sentence imposed thereon and matter remitted to the County Court of Essex County for resentencing; and, as so modified, affirmed.