■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMIN JUNIOR, Appellant. [990 NYS2d 689]—

Clark, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 3, 2012, upon a verdict convicting defendant of the crimes of gang assault in the second degree, assault in the second degree and criminal possession of a weapon in the third degree.

In September 2010, defendant, the victim and at least two other men were involved in a physical altercation at a bar, during which the victim's face, neck and head were cut by a piece of broken glass, requiring more than 40 stitches. The victim later developed a blood clot, requiring him to go to the hospital daily to have the laceration on his cheek—which was several inches long—packed with medicated gauze. As a result, defendant was charged in an indictment with gang assault in the second degree, assault in the second degree and criminal possession of a weapon in the third degree. Following a combined *Wade/Huntley* hearing, County Court denied defendant's motion to suppress his statements to police and his identification in a photo array by the bartender. Thereafter, the court denied his motion to preclude introduction of surveillance video from the bar. The matter proceeded to trial, at the close of which defend-

ant was convicted as charged and sentenced to an aggregate prison term of five years to be followed by five years of post-release supervision. Defendant now appeals.

We affirm. Initially, we reject defendant's challenge to the legal sufficiency of the evidence and his assertion that the verdict is against the weight of the evidence. Defendant argues that there is no evidence to establish that he participated in any activity, aside from a single punch, that resulted in injury to the victim. In particular, he maintains that the People failed to prove that he intended to cause physical injury to the victim and was aided by two or more persons actually present, elements of gang assault in the second degree (see Penal Law § 120.06). Defendant further asserts that the People failed to prove that he acted in concert with anyone—i.e., that, with the requisite mental culpability for the commission of gang assault in the second degree, he "solicit[ed], request[ed], command[ed], importune[d], or intentionally aid[ed]" another—such that the gang assault charge could be sustained under a theory of accessorial liability (Penal Law § 20.00; see People v Sanchez, 13 NY3d 554, 567 [2009]). Similarly, defendant asserts that the People failed to prove that he acted in concert with anyone in causing physical injury by means of a dangerous weapon or in possessing a dangerous weapon with the intent to use it unlawfully against another person, elements of accessorial liability for assault in the second degree and criminal possession of a weapon in the third degree as charged to the jury without objection (see Penal Law §§ 20.00, 120.05 [2]; 265.01 [2]; 265.02 [1]).[1]

We note that, apart from defendant's specific objection that the People failed to prove that he had acted in concert with anyone, defendant made only a general motion to dismiss the charges against him. Thus, his challenge to the legal sufficiency of the evidence is largely unpreserved for our review (see People v Finger, 95 NY2d 894, 895 [2000]; see also People v Finch, 23 NY3d 408, 413-415 [2014]). Nevertheless, we necessarily consider whether all of the elements of the charged crimes were proven beyond a reasonable doubt in resolving defendant's assertion that the verdict was against the weight of the evidence, a claim that does not require preservation (see People v Thomas, 105 AD3d 1068, 1069-1070 [2013], lv denied 21 NY3d 1010

---

1. The indictment misidentified the charge of criminal possession of a weapon in the third degree as Penal Law § 265.02 (2). The parties agreed that the proper section was Penal Law § 265.02 (1).

[2013]; *People v Townsend*, 94 AD3d 1330, 1330 n 1 [2012], *lv denied* 19 NY3d 1105 [2012]).[2]

The victim's testimony here established that defendant, who was in a romantic relationship with the mother of the victim's child, became upset because he believed that the victim was lying about him to a mutual friend. The victim stated that defendant and two men whom he did not know arrived at the bar on the night in question and, while the victim was speaking to the mutual friend, one of the men first stood near them and then sat with defendant at the bar. Both the victim and the bartender testified that defendant and the two men subsequently left the bar briefly, and reentered through a side door near the victim. Defendant confronted the victim and, after they exchanged words, all three men attacked the victim, with defendant first punching him in the face. The victim indicated that he was hit from the right side with a bottle and from the left side with a glass; the bartender testified that she heard the sound of breaking glass and saw the victim emerge from the brawl appearing bloody. In addition, the owner of the bar testified for the purpose of admitting into evidence surveillance footage, which showed the confrontation, with the two unknown assailants standing on either side of the victim and defendant lunging toward the victim, starting the fight in motion.

"Based on the weight of the credible evidence," we conclude that "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *accord People v Kancharla* 23 NY3d 294, 302-303 [2014]; *see People v Sanchez*, 13 NY3d at 566-567; *People v Torres*, 108 AD3d 474, 475 [2013], *lv denied* 22 NY3d 998 [2013]; *People v Gholam*, 99 AD3d 441, 442 [2012], *lv denied* 20 NY3d 1061 [2013]; *cf. People v Chardon*, 83 AD3d 954, 956-957 [2011], *lv denied* 18 NY3d 857 [2011]). That is, although a different result would not have been unreasonable, the verdict was supported by the weight of the evidence. Defendant's assertions that he did not know the two other assailants and that he was merely trying to break up the fight presented an issue of credibility that was appropriately resolved by the jury. According deference to that determination and viewing the evidence in a neutral light (*see People v Perry*, 116 AD3d 1253, 1255 [2014];

---

**2.** Defendant's contention that the People failed to prove beyond a reasonable doubt that the victim suffered a "serious physical injury," an element of gang assault in the second degree (*see* Penal Law §§ 10.00 [10]; 120.06), is patently meritless given his stipulation at trial that the People proved the element (*see People v Thomas*, 105 AD3d at 1070; *People v Alexander*, 37 AD3d 908, 910 [2007], *lv denied* 9 NY3d 839 [2007]).

McCarthy, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered January 12, 2012, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree (two counts).

At approximately 1:15 a.m., defendant went to a nightclub that catered to the gay community and was managed by the victim. Defendant had agreed to perform construction work for the victim later that day and to spend the night at the victim's house before working. Although defendant knew that the victim was gay and had reason to expect that the victim would make sexual advances toward him, he informed his friends that he would kill the victim if the victim touched him. Shortly after arriving at the nightclub, defendant and the victim walked across the street to the victim's residence where the two had consensual sex in a bedroom. At approximately 3:20 a.m., defendant shot the victim in the head and ran out of the house immediately afterward.

When police arrived, they found the victim lying on his stomach in bed, under covers, bleeding from a gunshot wound to his left temple. The victim died shortly thereafter. Defendant was taken into custody and gave a written statement indicating that he shot the victim because, when defendant tried to leave the victim's house, the victim told him that their sexual relationship was going to continue and then grabbed him by the throat. Defendant was thereafter charged in an indictment with murder in the second degree and two counts of criminal possession of a weapon in the second degree. At trial, defendant asserted the affirmative defense of extreme emotional disturbance (*see* Penal Law § 125.25 [1] [a]), presenting testimony that his interactions with the victim had caused a "flashback" to his childhood sexual abuse at the hands of his step-grandfather. Nevertheless, the jury convicted defendant as charged, and County Court sentenced him to an aggregate prison term of 25 years to life. Defendant appeals.

Initially, defendant argues that County Court erred in failing to order, sua sponte, a competency hearing pursuant to CPL 730.30. "[A] defendant is presumed to be competent, and . . . is not entitled, as a matter of right, to have the question of his [or her] capacity to stand trial passed upon before the commencement of the trial, if the court is satisfied from the available information that there is no proper basis for questioning the defendant's sanity" (*People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999] [internal quotation marks and citations omitted]; *see People v Morgan*, 87 NY2d 878, 880

[1995]; *People v Yu-Jen Chang*, 92 AD3d 1132, 1134 [2012]). A history of mental illness and drug abuse "does not in itself call into question [a] defendant's competence to stand trial" (*People v Tortorici*, 92 NY2d at 765); rather, "a [t]rial [j]udge determining whether a competency hearing is necessary may also consider expert medical proof . . . , coupled with all other evidence and his [or her] own observations of the defendant" (*id.* at 766 [internal quotations marks and citation omitted]; *see People v Morgan*, 87 NY2d at 880-881; *People v Poquee*, 9 AD3d 781, 783 [2004], *lv denied* 3 NY3d 741 [2004]). In reviewing whether a trial court erred in not ordering a competency hearing, the critical question is whether the court abused its discretion (*see People v Tortorici*, 92 NY2d at 766; *People v Kulakov*, 72 AD3d 1271, 1272 [2010], *lv denied* 15 NY3d 775 [2010], *lv dismissed* 16 NY3d 896 [2011]).

Notwithstanding defendant's psychiatric diagnoses, drug use and emotional turmoil shortly after his arrest, defendant's own expert psychologist concluded that defendant was sufficiently competent to participate in his own defense. In addition, County Court had the opportunity to observe defendant during his numerous pretrial appearances and lengthy testimony. Defendant actively participated in his defense, repeatedly expressed his understanding of the progression of the case, and was clear and rational during his lengthy testimony, explaining his history and emotional state at the time of the incident and during the months and years leading up to the shooting. Under these circumstances, a competency hearing was not required, especially where no hearing was requested, and County Court did not abuse its discretion (*see People v Tortorici*, 92 NY2d at 767; *People v Yu-Jen Chang*, 92 AD3d at 1135; *People v Kulakov*, 72 AD3d at 1272-1273; *People v Poquee*, 9 AD3d at 783).

Defendant next argues that the jury should have been given an intoxication charge because his alcohol, marihuana and cocaine use on the night of the shooting was relevant to negate an element of murder in the second degree, i.e., intent (*see* Penal Law §§ 15.25, 125.25 [1]). While defendant concedes that the issue is not preserved for this Court's review, he argues that there was no strategic reason not to request the charge and, thus, he was denied the effective assistance of counsel. In the alternative, he asserts that County Court should have given the charge sua sponte, and urges this Court to reverse in the interest of justice.

Generally, "[a] charge on intoxication should be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on

that basis" (*People v Rodriguez*, 76 NY2d 918, 920 [1990] [internal quotation marks and citation omitted]; *see People v Sirico*, 17 NY3d 744, 745 [2011]; *People v Lynch*, 92 AD3d 805, 805 [2012], *lv denied* 18 NY3d 995 [2012]). Nevertheless, "[a]lthough a relatively low threshold exists to demonstrate entitlement to an intoxication charge, bare assertions by a defendant concerning his [or her] intoxication, standing alone, are insufficient" (*People v Sirico*, 17 NY3d at 745 [internal quotation marks and citation omitted]). Moreover, to succeed on a claim of ineffective assistance of counsel, "it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998] [internal quotation marks and citation omitted]; *see People v Underdue*, 89 AD3d 1132, 1134 [2011], *lv denied* 19 NY3d 969 [2012]).

Assuming that testimony from defendant's friend—that defendant was moderately drunk when he left to meet the victim—was sufficient, along with defendant's testimony, to warrant an intoxication charge, counsel was not necessarily ineffective for failing to request such a charge. Defendant bore the burden of proof on his affirmative defense, requiring him to demonstrate that he was influenced by an extreme emotional disturbance at the time of the shooting and that there was a reasonable explanation or excuse for that disturbance (*see People v Roche*, 98 NY2d 70, 75-76 [2002]; *People v Wells*, 101 AD3d 1250, 1252 [2012], *lv denied* 20 NY3d 1066 [2013]). Defendant and the victim were alone at the time of the shooting, so only defendant could describe the circumstances and his mental state at that time. While a request for an intoxication instruction is not legally inconsistent with an extreme emotional disturbance defense (*see People v Knights*, 109 AD2d 910, 911 [1985]), counsel could have strategically determined that such a request would have undermined his affirmative defense in this particular case. An intoxication instruction could reasonably be seen as inconsistent with defendant's assertion that his "head [was] clear enough to have coherent thoughts" in the moments before the victim's alleged attack, thereby undermining his credibility and, as a result, his extreme emotional disturbance defense. Regardless of whether an intoxication charge would have been proper, defendant has not demonstrated the "absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (*People v Hammond*, 107 AD3d 1156, 1156 [2013] [internal quotation marks and citations omitted]). Accordingly, defendant's claims that he received the ineffective assistance of counsel and that reversal is warranted in the interest of justice are lacking in merit.

Defendant's remaining argument, that his sentence was harsh and excessive, has been considered and rejected.

Stein, J.P., Garry, Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed.

■ The People of the State of New York, Respondent, v Juan Stephan McCray, Appellant. [989 NYS2d 403]—

Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered August 13, 2010, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree and assault in the first degree.