*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 24, 2014                    105511
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

LOUIS M. DUFFY,
                    Appellant.
_____

Calendar Date:   June 2, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

_____

        Donna C. Chin, Ithaca, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (John R.
Thweatt of counsel), for respondent.

_____

McCarthy, J.

        Appeal from a judgment of the County Court of Chemung
County (Buckley, J.), rendered January 12, 2012, upon a verdict
convicting defendant of the crimes of murder in the second degree
and criminal possession of a weapon in the second degree (two
counts).

        At approximately 1:15 a.m., defendant went to a nightclub
that catered to the gay community and was managed by the victim.
Defendant had agreed to perform construction work for the victim
later that day and to spend the night at the victim's house
before working.  Although defendant knew that the victim was gay
and had reason to expect that the victim would make sexual
advances toward him, he informed his friends that he would kill
the victim if the victim touched him.  Shortly after arriving at

the nightclub, defendant and the victim walked across the street to the victim's residence where the two had consensual sex in a bedroom. At approximately 3:20 a.m., defendant shot the victim in the head and ran out of the house immediately afterward.

When police arrived, they found the victim lying on his stomach in bed, under covers, bleeding from a gunshot wound to his left temple. The victim died shortly thereafter. Defendant was taken into custody and gave a written statement indicating that he shot the victim because, when defendant tried to leave the victim's house, the victim told him that their sexual relationship was going to continue and then grabbed him by the throat. Defendant was thereafter charged in an indictment with murder in the second degree and two counts of criminal possession of a weapon in the second degree. At trial, defendant asserted the affirmative defense of extreme emotional disturbance (see Penal Law § 125.25 [1] [a]), presenting testimony that his interactions with the victim had caused a "flashback" to his childhood sexual abuse at the hands of his step-grandfather. Nevertheless, the jury convicted defendant as charged, and County Court sentenced him to an aggregate prison term of 25 years to life. Defendant appeals.

Initially, defendant argues that County Court erred in failing to order, sua sponte, a competency hearing pursuant to CPL 730.30. "[A] defendant is presumed to be competent, and . . . is not entitled, as a matter of right, to have the question of his [or her] capacity to stand trial passed upon before the commencement of the trial, if the court is satisfied from the available information that there is no proper basis for questioning the defendant's sanity" (People v Tortorici, 92 NY2d 757, 765 [1999], cert denied 528 US 834 [1999] [internal quotation marks and citations omitted]; see People v Morgan, 87 NY2d 878, 880 [1995]; People v Yu-Jen Chang, 92 AD3d 1132, 1134 [2012]). A history of mental illness and drug abuse "does not in itself call into question [a] defendant's competence to stand trial" (People v Tortorici, 92 NY2d at 765); rather, "a [t]rial [j]udge determining whether a competency hearing is necessary may also consider expert medical proof . . ., coupled with all other evidence and his [or her] own observations of the defendant" (id. at 766 [internal quotations marks and citation omitted]; see

People v Morgan, 87 NY2d at 880-881; People v Poquee, 9 AD3d 781, 783 [2004], lv denied 3 NY3d 741 [2004]).  In reviewing whether a trial court erred in not ordering a competency hearing, the critical question is whether the court abused its discretion (see People v Tortorici, 92 NY2d at 766; People v Kulakov, 72 AD3d 1271, 1272 [2010], lv denied 15 NY3d 775 [2010], lv dismissed 16 NY3d 896 [2011]).

Notwithstanding defendant's psychiatric diagnoses, drug use and emotional turmoil shortly after his arrest, defendant's own expert psychologist concluded that defendant was sufficiently competent to participate in his own defense.  In addition, County Court had the opportunity to observe defendant during his numerous pretrial appearances and lengthy testimony.  Defendant actively participated in his defense, repeatedly expressed his understanding of the progression of the case, and was clear and rational during his lengthy testimony, explaining his history and emotional state at the time of the incident and during the months and years leading up to the shooting.  Under these circumstances, a competency hearing was not required, especially where no hearing was requested, and County Court did not abuse its discretion (see People v Tortorici, 92 NY2d at 767; People v Yu-Jen Chang, 92 AD3d at 1135; People v Kulakov, 72 AD3d at 1272-1273; People v Poquee, 9 AD3d at 783).

Defendant next argues that the jury should have been given an intoxication charge because his alcohol, marihuana and cocaine use on the night of the shooting was relevant to negate an element of murder in the second degree, i.e., intent (see Penal Law §§ 15.25, 125.25 [1]).  While defendant concedes that the issue is not preserved for this Court's review, he argues that there was no strategic reason not to request the charge and, thus, he was denied the effective assistance of counsel.  In the alternative, he asserts that County Court should have given the charge sua sponte, and urges this Court to reverse in the interest of justice.

Generally, "[a] charge on intoxication should be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (People v Rodriguez, 76 NY2d 918, 920

[1990] [internal quotation marks and citation omitted]; see People v Sirico, 17 NY3d 744, 745 [2011]; People v Lynch, 92 AD3d 805, 805 [2012], lv denied 18 NY3d 995 [2012]). Nevertheless, "[a]lthough a relatively low threshold exists to demonstrate entitlement to an intoxication charge, bare assertions by a defendant concerning his [or her] intoxication, standing alone, are insufficient" (People v Sirico, 17 NY3d at 745 [internal quotation marks and citation omitted]). Moreover, to succeed on a claim of ineffective assistance of counsel, "it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998] [internal quotation marks and citation omitted]; see People v Underdue, 89 AD3d 1132, 1134 [2011], lv denied 19 NY3d 969 [2012]).

Assuming that testimony from defendant's friend — that defendant was moderately drunk when he left to meet the victim — was sufficient, along with defendant's testimony, to warrant an intoxication charge, counsel was not necessarily ineffective for failing to request such a charge. Defendant bore the burden of proof on his affirmative defense, requiring him to demonstrate that he was influenced by an extreme emotional disturbance at the time of the shooting and that there was a reasonable explanation or excuse for that disturbance (see People v Roche, 98 NY2d 70, 75-76 [2002]; People v Wells, 101 AD3d 1250, 1252 [2012], lv denied 20 NY3d 1066 [2013]). Defendant and the victim were alone at the time of the shooting, so only defendant could describe the circumstances and his mental state at that time. While a request for an intoxication instruction is not legally inconsistent with an extreme emotional disturbance defense (see People v Knights, 109 AD2d 910, 911 [1985]), counsel could have strategically determined that such a request would have undermined his affirmative defense in this particular case. An intoxication instruction could reasonably be seen as inconsistent with defendant's assertion that his "head [was] clear enough to have coherent thoughts" in the moments before the victim's alleged attack, thereby undermining his credibility and, as a result, his extreme emotional disturbance defense. Regardless of whether an intoxication charge would have been proper, defendant has not demonstrated the "absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v

Hammond, 107 AD3d 1156, 1156 [2013] [internal quotation marks and citations omitted]).  Accordingly, defendant's claims that he received the ineffective assistance of counsel and that reversal is warranted in the interest of justice are lacking in merit.

Defendant's remaining argument, that his sentence was harsh and excessive, has been considered and rejected.

Stein, J.P., Garry, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court