## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: April 16, 2015                    105617
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

RUPERT ANDREWS,
                        Appellant.
_____

Calendar Date:   February 11, 2015

Before:   Peters, P.J., Garry, Rose and Lynch, JJ.

_____

        Ralph Cherchian, Albany, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter
Willis of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the Supreme Court (Milano, J.),
rendered September 20, 2012 in Schenectady County, upon a verdict
convicting defendant of the crimes of attempted assault in the
first degree and gang assault in the first degree.

        In September 2011, two individuals confronted defendant at
a deli.  A third individual, the victim in this case, availed
himself of defendant's cash, marihuana and cell phone, which were
strewn onto the floor during an ensuing altercation.  Afterwards,
defendant followed the victim from the deli, the two exchanged
words and, as the victim walked away, he overheard defendant
telephone a request that someone "go get the mag," which the
victim believed to mean a gun.  Later that evening, the victim
returned to the deli and observed defendant and two other men

watching him from a nearby apartment window.  The victim saw the light in the window go out and, moments later, saw defendant, whom the victim described as "charged," and three other individuals come out to the street.  The men surrounded the victim, who began fist fighting with defendant.  Gun shots rang out and a group of individuals, including the victim, ran away from the site of this first altercation.  Defendant and the victim then continued fighting in an area down the block from the deli and, as defendant held the victim's leg, another man slashed the victim's face with a razor blade.  The assailants left the victim bleeding in the street.  Eventually, the victim was transported to the hospital, where he received 80 stitches to close the wound.  As is relevant to this appeal, defendant was convicted after a jury trial of gang assault in the first degree and attempted assault in the first degree and was sentenced to concurrent prison terms of 15 years with five years of postrelease supervision and 17 years with five years of postrelease supervision, respectively.  Defendant now appeals.

Upon review of the evidence presented at trial, we find that the jury's verdict was supported by legally sufficient evidence and was not contrary to the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).  A conviction for gang assault in the first degree is supported by proof that  "a person . . ., with intent to cause serious physical injury to another person and when aided by two or more other persons actually present, . . . causes serious physical injury to such person" (Penal Law § 120.07; accord People v Sanchez, 13 NY3d 554, 563 [2009]).  Here, Mark Green, who lived in an apartment near the deli, testified that defendant went to Green's apartment after the victim stole his money, marihuana and phone, and summoned Clarence Stanford and Jerod Hemmingway to the apartment to help him plan his revenge.  Hemmingway and Stanford testified that they went to Green's apartment at defendant's behest with a razor blade and gun, respectively.  For his part, Hemmingway testified that, in response to taunting from the others, he joked that a razor blade was all he would need to fight the victim. Green testified that they saw the victim arrive at the deli and that all four men then went downstairs, but that he stayed on the porch while Stanford, Hemmingway and defendant approached the victim.  According to Green, as the victim tried to fight them

off, defendant, Stanford and Hemmingway chased the victim down the street, with Stanford firing the gun at the victim as they ran after him.  According to the victim, Stanford followed him to the area where defendant caught him and held him as Hemmingway slashed his face.

We reject defendant's argument that the People failed to prove the element that he had been aided by two or more people actually present.  We recognize that the incident started in one location with defendant and at least three people present, and that the victim was slashed with the razor blade at a second location approximately one block away.  As to the second location, there is conflicting evidence with regard to how many people were present.  To conclude that a person was "actually present" during a gang assault (Penal Law § 120.27), the proof must demonstrate that he or she was "in the immediate vicinity of the crime, and [was] capable of rendering immediate assistance to an individual committing the crime" (People v Sanchez, 13 NY3d at 564; see People v Johnson, 107 AD3d 1161, 1163-1164 [2013], lv denied 21 NY3d 1075 [2013]; People v Cordato, 85 AD3d 1304, 1312 [2011], lv denied 17 NY3d 815 [2011]).  Here, we find that the evidence was legally sufficient to establish that defendant acted with the aid of two or more people who were actually present because, viewing all the evidence in the light most favorable to the People, we can infer that, at all times, Hemmingway and Stanford were in the immediate vicinity and able to assist defendant in the assault.

Defendant also contends that the People failed to demonstrate that the victim suffered a serious physical injury, a defined element of the crime of gang assault in the first degree (see Penal Law §§ 10.00 [10]; 120.07).  Inasmuch as defendant's trial motions to dismiss did not address this specific issue, his challenge to the legal sufficiency of the evidence presented in support of this element is not preserved for our review (see People v Finger, 95 NY2d 894, 895 [2000]; People v Junior, 119 AD3d 1228, 1229 [2014], lv denied 24 NY3d 1044 [2014]).  Nevertheless, we evaluate the adequacy of the evidence as to each element of the crime as part of our weight of the evidence review (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Junior, 119 AD3d at 1229; People v Johnson, 107 AD3d at 1163 n 2).

A "serious . . . disfigurement" qualifies as a serious physical injury if it is "objectively distressing or objectionable" (People v Stewart, 18 NY3d 831, 832 [2011] [internal quotation marks and citation omitted]). This objective standard requires consideration of the injury "in context, considering its location on the body and any relevant aspects of the victim's overall physical appearance" (People v McKinnon, 15 NY3d 311, 315 [2010]). Here, the victim testified that he received 80 stitches to close the wound across his cheek. Although he was reluctant to display his injury to the jury, the evidence included photographs of the victim's scar. These photographs, taken at the time of trial, show a significant, uneven scar running across the victim's cheek from his ear to his mouth. Although a different verdict would not have been unreasonable, viewing this evidence in a neutral light (see People v Danielson, 9 NY3d at 348; People v Bleakley, 69 NY2d at 495; People v Powell, 101 AD3d 1369, 1370 [2012], lv denied 21 NY3d 1019 [2013]), we perceive no error in the jury's determination that the victim suffered a serious physical injury (see People v Powell, 101 AD3d at 1370; compare People v Trombley, 97 AD3d 903, 903 [2012]).

Finally, although defendant did not preserve his challenge to the legal sufficiency of the evidence supporting the jury's verdict on the attempted assault in the first degree charge, he does contend that the verdict on this count was contrary to the weight of the evidence. As is relevant here, a conviction for attempted assault in the first degree must be supported by evidence that the defendant attempted to cause serious physical injury to another person by means of a deadly weapon (see Penal Law §§ 110.00, 120.10 [1]). Here, as it was not defendant who shot the gun, the charge was based on defendant's accessorial liability (see Penal Law § 20.00). "A defendant may be held criminally liable for the conduct of another person when, acting with the mental culpability required for the commission thereof, [the defendant] solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct" (People v Fancher, 116 AD3d 1084, 1086 [2014] [internal quotation marks and citation omitted]). Here, as an acquittal would not have been unreasonable, we view the evidence in a neutral light and find that the verdict was not against the weight of the evidence.

Our holding in this regard remains even though defendant's codefendant was acquitted of the charges against him (see Penal Law § 20.05 [2]; People v Thomas, 5 AD3d 305, 307 [2004], lv denied 2 NY3d 807 [2004]; People v Gemmill, 146 AD2d 951, 952 [1989]).

    Peters, P.J., Garry and Rose, JJ., concur.


    ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court