People v Sipp (2019 NY Slip Op 00771)





People v Sipp


2019 NY Slip Op 00771


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1236 KA 17-00747

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DON P. SIPP, DEFENDANT-APPELLANT. 






J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT. 


 Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered March 13, 2017. The judgment convicted defendant, upon a jury verdict, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [4]), defendant contends that the conviction is not supported by legally sufficient evidence that the victim sustained a serious physical injury. Contrary to the People's contention, defendant's challenge to the sufficiency of the evidence is preserved for our review inasmuch as defendant raised that deficiency during his motion for a trial order of dismissal, and thus the issue was "specifically confronted and resolved" by County Court (People v Feingold, 7 NY3d 288, 290 [2006]). Nevertheless, when the evidence is viewed in the light most favorable to the People (see People v Reed, 22 NY3d 530, 534 [2014], rearg denied 23 NY3d 1009 [2014]), "a rational person could conclude that the trial evidence was legally sufficient" to establish a serious physical injury (People v Smith, 6 NY3d 827, 829 [2006], cert denied 548 US 905 [2006]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]), i.e., serious and protracted disfigurement to the victim's face (see § 10.00 [10]; People v Coote, 110 AD3d 485, 485 [1st Dept 2013], lv denied 22 NY3d 1198 [2014]; see also People v Manigualt, 145 AD3d 1428, 1429 [4th Dept 2016], lv denied 29 NY3d 950 [2017]; People v Reitz, 125 AD3d 1425, 1425-1426 [4th Dept 2015], lv denied 26 NY3d 934 [2015], reconsideration denied 26 NY3d 1091 [2015]; cf. People v McKinnon, 15 NY3d 311, 316 [2010]).
Contrary to defendant's further contention, the court did not err in refusing to charge the jury on the lesser included offense of assault in the third degree (Penal Law § 120.00 [2]). Based on the number and sizes of the scars to her face, there is no reasonable view of the evidence that would support a finding that the victim sustained only a physical injury as opposed to a serious physical injury (see CPL 300.50 [1]; People v Richardson, 57 AD3d 410, 410 [1st Dept 2008], lv denied 12 NY3d 787 [2009]; cf. People v Trombley, 97 AD3d 903, 903-904 [3d Dept 2012]; see generally People v Glover, 57 NY2d 61, 63 [1982]).
Defendant also contends that he was denied a fair trial when evidence of uncharged crimes was admitted at trial without a Ventimiglia hearing or curative instructions. As defendant correctly concedes, his contention is not preserved for our review (see People v Hogue, 133 AD3d 1209, 1210 [4th Dept 2015], lv denied 27 NY3d 1152 [2016]; People v Mediak, 217 AD2d 961, 962 [4th Dept 1995], lv denied 87 NY2d 848 [1995]). In any event, we conclude that defendant was not denied a fair trial inasmuch as the fleeting reference to prior "physical altercations" between defendant and the victim was admissible as "necessary background information on the nature of the relationship" (People v Dorm, 12 NY3d 16, 19 [2009]; see Hogue, 133 AD3d at 1211); there was no evidence that defendant's possession of hunting items or a muzzle-loader was illegal (see People v Humphrey, 109 AD3d 1173, 1174 [4th Dept 2013], [*2]lv denied 24 NY3d 1044 [2014]; People v Hucks, 292 AD2d 833, 833 [4th Dept 2002], lv denied 98 NY2d 697 [2002]); and a peripheral reference to defendant's possession of a marihuana plant "does not warrant any corrective action in the interest of justice" (People v Chaplin, 134 AD3d 1148, 1152 [3d Dept 2015], lv denied 27 NY3d 1067 [2016]).
Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we reject defendant's contention that he was denied meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Finally, we conclude that the sentence is not unduly harsh or severe.
All concur except Carni and Dejoseph, JJ., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent because we disagree with the majority's conclusion that County Court did not err in refusing to charge the jury on the lesser included offense of assault in the third degree (Penal Law § 120.00 [2]). Upon viewing the evidence in the light most favorable to defendant (see People v Rivera, 23 NY3d 112, 120-121 [2014]), we conclude that there is a reasonable view of the evidence of the victim's scars to support a finding that the victim sustained only physical injury and not serious physical injury (see id. at 121; People v Trombley, 97 AD3d 903, 903-904 [3d Dept 2012]). Consequently, we vote to reverse the judgment and grant a new trial on count four of the indictment (see generally People v Van Norstrand, 85 NY2d 131, 136 [1995]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court